Dwane Allen WILLS, II, Appellant–
Respondent,

v.

Julie Russene WILLS (Whitlock),
Respondent–Appellant,

Doris WHITLOCK, Respondent.

Nos. WD 59604, WD 59648.

Missouri Court of Appeals,
Western District.

Sept. 17, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 29, 2002.

Application for Transfer Denied
Dec. 24, 2002.

William D. Piedimonte, Independence MO, for Appellant/Respondent.

Weldon Wayne Perry Jr., Lexington, MO, for Respondent/Appellant.

Donald R. Whitney, Overland Park, KS for Respondent.

Before PAUL M. SPINDEN, C.J., HAROLD L. LOWENSTEIN and ROBERT G. ULRICH, JJ.

ROBERT G. ULRICH, J.

Dwane A. Wills, II (Father) appeals from the judgment of the trial court modifying child custody and visitation. Father raises four points on appeal. Julie R. Wills (Whitlock)(Mother) cross-appeals raising one point on appeal. Only one of Father's points is considered in this opinion. The remaining points on appeal are addressed by memorandum opinion, which is provided to the parties and the trial court. Rule 84.16(b). The judgment of the trial court is affirmed.

### Facts

The marriage of Father and Mother was dissolved on December 11, 1997. Two children were born of the marriage: Dwane Allen Wills, III, born June 17, 1987, and Whitney Olivia Wills, born June 2, 1992.

Pursuant to the parties' separation and property settlement agreement, which was approved by the trial court and was fully incorporated into the decree of dissolution on December 11, 1997, Father was granted sole legal custody of the children and was designated as the primary physical custodian. Mother was granted reasonable and specific visitation with certain conditions. Specifically, Mother was not to consume

alcohol at any time or prior to or during any period of visitation, she was to submit to random urinalysis for two years after the entry of the decree, and she was to attend 12–step meetings of Alcoholics Anonymous weekly. Any positive urinalysis would result in Mother's visitation being supervised by a responsible adult selected by the Guardian Ad Litem for six months subject to random alcohol testing. After two years, if Mother had all negative alcohol and drug screens, all visitation conditions would be terminated.

Within one month of the dissolution decree, Mother tested positive for alcohol. By January 1998, she tested positive a second time and her visitation was supervised. Mother's mother, Doris Whitlock (Grandmother), was named as the supervisor.

On April 20, 1998, Mother filed an application and request for order to show cause why Father should not be held in contempt of court and for attorney's fees alleging, *inter alia,* that Father was not complying with the visitation schedule articulated in the dissolution and judgment entry. Mother filed a second application and request for order to show cause why Father should not be held in contempt of court and for attorney's fees on May 18, 1998. In that application, Mother alleged that Father failed to transfer personal property and to refinance debt as provided in the dissolution and judgment entry. Two orders to show cause were entered pursuant to the applications.

On October 19, 1998, Father filed a notice to take the deposition of Mother's attorney, Katharine S. Shepherd. The trial court denied the motion. Grandmother filed a motion to intervene on November 10, 1998, and was granted the right to intervene. Thereafter, she filed a motion to modify the judgment and decree of dissolution requesting the trial court to grant her regular and liberal grandparent visitation. The trial court entered an order on December 22, 1998, that (1) granted temporary visitation to Grandmother of not less than one day ever other week, and (2) granted temporary supervised visitation to Mother.

On May 24, 1999, Mother filed a motion to modify the dissolution judgment as to child custody, visitation, and support or, in the alternative, to remove or rescind all visitation restrictions on her. She requested joint legal custody and primary physical custody of the children. Approximately one year later on April 20, 2000, Father filed a motion for award of attorney's fees alleging that Mother failed to offer to enter into non-binding mediation before filing her applications for orders to show cause in April and May 1998 as required by the parties' separation and property settlement agreement incorporated into the dissolution judgment.

Hearings on the merits of Grandmother's and Mother's motions to modify were held in October and December 2000. The trial court entered its judgment on December 29, 2000. It found that a change in circumstances so substantial and continuing had occurred to make a modification of the dissolution judgment necessary to serve the best interests of the children. It awarded Father sole legal and primary physical custody of the children with visitation to Mother to be supervised by Grandmother. The court also placed special conditions on Mother's visitation including that she not consume alcohol or illegal drugs any time including prior to or during any period of visitation, that she submit to random urinalysis tests, and that she attend 12–step meetings of Alcoholics Anonymous weekly. The court further ordered that after six months of negative alcohol and drug screens, all restrictive conditions of visitation, including supervision of visitation, shall be terminated. Ad-

ditionally, the trial court ordered that each party pay his own attorney's fees. Finally, the court ordered that Grandmother receive grandparent visitation in her capacity as supervisor of Mother's visitation and that in the event that she is unavailable, unwilling, or unable to supervise or that Mother is unavailable, unwilling, or unable to exercise her visitation, Grandmother is to receive no less than one weekend per month of visitation with the children.

This appeal by Father and cross-appeal by Mother followed.

## Point on Appeal

In his only point on appeal addressed in this opinion, Father contends that the trial court erred in ordering that the parenting plan and dissolution decree be modified to allow Grandmother visitation. Father essentially argues that (1) Grandmother was not entitled to receive visitation under section 452.402, RSMo 2000, because she was never denied visitation, and (2) the amount of visitation awarded to Grandmother was excessive.

 The judgment of the trial court will be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Ray v. Hannon*, 14 S.W.3d 270, 272 (Mo.App. W.D.2000). In matters pertaining to visitation rights, an appellate court gives deference to the trial court's assessment of what serves the best interests of the child. *Simpson v. Buck*, 971 S.W.2d 856, 858 (Mo.App. W.D.1998).

Section 452.402, which governs grandparent visitation rights, provides in pertinent part:

1. The court may grant reasonable visitation rights to the grandparents of the child and issue any necessary orders to enforce the decree. The court may grant grandparent visitation when:

(1) The parents of the child have filed for a dissolution of their marriage. A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights. Grandparents shall also have the right to file a motion to modify the original decree of dissolution to seek visitation rights when such rights have been denied to them;

(2) One parent of the child is deceased and the surviving parent denies reasonable visitation rights;

(3) A grandparent is unreasonably denied visitation with the child for a period exceeding ninety days; or

(4) The child is adopted by a stepparent, another grandparent or other blood relative.

2. The court shall determine if the visitation by the grandparent would be in the child's best interest or if it would endanger the child's physical health or impair the child's emotional development. Visitation may only be ordered when the court finds such visitation to be in the best interests of the child. The court may order reasonable conditions or restrictions on grandparent visitation.

 Father first contends that he never denied Grandmother visitation with the children, a prerequisite to a trial court granting grandparent visitation. In support of this contention, Father points to evidence in the record that he allowed Grandmother to visit the children at his home in his presence and that Grandmother chose not to. Grandmother testified that she had not seen the children for at least ninety days prior to filing her motion to modify. She did admit that Father never told her that she couldn't see the children and that he allowed her to visit the children in his home in his presence for thirty minutes at a time before she stopped seeing the children. She also testified, however, that prior to the divorce,

she had the children at her home "all the time" and that she and the children were previously "really close." She explained that the visits in Father's home in his presence were "strained," that the children wouldn't talk to her during those visits, and that overall, the visits were unsatisfactory for her and the children. Sufficient evidence, therefore, supported a finding under either subsection (1) or (3) of section 452.402.1 that Grandmother was unreasonably denied visitation with the children.

Father next argues that the amount of visitation awarded to Grandmother was excessive. Father testified that he believes and agrees that it is in the children's best interest to have a good relationship with Grandmother. Father's contention, therefore, is not that Grandmother should not be allowed visitation with the children, but rather the frequency of grandparent visitation should be determined by him rather than the trial court. The trial court ordered the following grandparent visitation:

> Intervenor, Doris Whitlock, maternal grandmother, is granted grandparent visitation as set out herein in her capacity as supervisor of visitation of the unemancipated minor children with Respondent, their mother. In the event Intervenor is not available, willing, or able to serve as supervisor of visitation, then grandparent visitation is granted to Intervenor one weekend a month as set out hereinafter. In addition, if, for whatever reason, the Respondent is unable, unwilling or unavailable to exercise her visitation, then visitation is granted to Intervenor as mutually agreeable between Petitioner and Intervenor, but in no event less than one, and only one, weekend per month from 9:00 a.m. Saturday to 6:00 p.m. Sunday, such time to coincide with Respondent's visitation time set out herein.

Section 452.402 is constitutional because it contemplates only a minimal intrusion into family relationships and it is narrowly tailored to protect the interests of both parents and children. *Blakely v. Blakely*, 83 S.W.3d 537, 542-43 (Mo. banc 2002); *Herndon v. Tuhey*, 857 S.W.2d 203, 210 (Mo. banc 1993). The trial court has broad discretion in determining what limitations and terms of grandparent visitation are appropriate in a particular case. *Simpson*, 971 S.W.2d at 859. The visitation rights extended to grandparents are not without limitation:

> Because the legislature set ninety days as a precondition, this is an indication to the courts that visitation should not be excessive, should not be on a par with parental visitation in custody matters, and should not necessarily be commensurate with the contact between the grandparents and grandchild prior to the deterioration of relations between the parties.

*Id.* (quoting *Herndon*, 857 S.W.2d at 210). Nothing, however, requires that visitation be awarded only at ninety day intervals; *Herndon* merely required that the visitation awarded not be overly intrusive on the family. *Ray*, 14 S.W.3d at 274.

Based on the particular facts of this case, the visitation awarded to Grandmother was not excessive. First, the visitation awarded to Grandmother was defined in terms of her supervising Mother's visitation. Grandmother received no more visitation with children than the time she spent with them while supervising Mother's visitation. Such award, therefore, did not constitute an intrusion on the family relationship. In the event Grandmother does not supervise Mother's visitation, she will receive grandparent visitation of one weekend per month from 9:00 a.m. on Saturday to 6:00 p.m. on Sunday. This amount of visitation was reasonable and narrowly tailored to the facts of the case. The record demonstrated that prior to the

denial of visitation, Grandmother had a close relationship with the children and had the children at her home "all the time." The trial court's appointment of Grandmother as supervisor of Mother's visitation with the children, with which Father agreed at the hearing in October 2000, is further corroboration of the good relationship between Grandmother and the children. Grandmother appears to be a stabilizing factor between Mother and the children. For quite some time, Grandmother has had more than an ordinary grandparent role in the children's lives. They should, therefore, have reasonable visitation with her in the event she is not supervising Mother's visitation. Substantial evidence supported the trial court's award of grandparent visitation of one weekend per month. The point is denied.

The judgment of the trial court is affirmed.

SPINDEN, P.J. and LOWENSTEIN, J. concur.

Richard L. Colbert, Kansas City, MO, for appellant.

Douglas M. McMillan, Nicole J. Rowlette, Co-Counsel, Kansas City, MO, for respondents.

Before JOSEPH M. ELLIS, Chief Judge, RONALD R. HOLLIGER, Judge and LISA WHITE HARDWICK, Judge.