Don SHEMWELL and Mary Shemwell, Respondents,

v.

Karen ARNI, Appellant.

No. WD 67171.

Missouri Court of Appeals, Western District.

May 29, 2007.

Gary E. Brotherton, Columbia, MO, for Appellant.

Elizabeth K. Wilson, Columbia, MO, for Respondents.

Before VICTOR C. HOWARD, C.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

The maternal grandparents, Mr. Don and Mrs. Mary Shemwell, who live in Kentucky, petitioned the court for rights to visit their grandchildren who live in Mis-

souri with their mother, Mrs. Karen Arni. The trial court granted the Shemwells' visitation rights, and Mrs. Arni appeals. We reverse and remand.

### Factual and Procedural Background

Mrs. Arni and her first husband, Mr. Rudy Brushears, lived within fifteen minutes from the Shemwells in Kentucky, and the children visited their grandparents probably once a month including overnight visits. After Mr. Brushears's death in 1997, Mrs. Arni and her two boys, who were ages five and two, left the marital home and resided with the Shemwells for about a month. During that time, the Shemwells cared for the boys during the day while Mrs. Arni worked part-time and attended counseling. Specifically, Mr. Shemwell assumed the role of father to the boys; he taught them how to ride a bicycle, play ball, and hunt. Thereafter, the Shemwells moved Mrs. Arni and her children into one of their repaired rental homes, which was only ten to twelve minutes away from their home. Mr. Shemwell continued the father role, although the children were no longer living with them. Because Mrs. Arni returned to work full-time, the Shemwells continued to play an active role in the children's lives. This arrangement continued for six years until Mrs. Arni married Mr. Rick Arni and moved to Missouri in 2003.

Initially, visitation between the boys and the Shemwells in Missouri was not restricted because Mrs. Arni understood their close relationship. However, after a few of the visits resulted in the boys disrupting Mrs. Arni's family life, the Shemwells could only visit if they were invited. Hearing nothing from Mrs. Arni during Christmas time, the Shemwells traveled to the Arni's home uninvited, which resulted in a confrontation. Later, the parties established some visitation rules so that the boys were able to return with the Shemwells to Kentucky for a one-week visit. The boys enjoyed the Shemwells, their cousins, and their friends. After that visit, Mrs. Arni called the Shemwells once a week, so the boys could speak to them. Mrs. Arni allowed the boys to visit with the Shemwells for four days during Easter break in 2004. Because the boys displayed negative attitudes toward her when she picked them up, she stopped all visits including telephone visits until the boys were better acquainted with their new family life. The Shemwells tried to persuade Mrs. Arni to allow contact with the boys, but she would not do so. Consequently, the Shemwells retained counsel who suggested mediation for the two parties. Mediation was not successful, and the Shemwells sued their daughter for visitation rights under section 452.402.1(4),[1] alleging that she unreasonably denied them visits with their grandchildren for at least ninety days.

After several hearings, the trial court granted the Shemwells visitation for the third weekend of each month to occur from Saturday at 9:00 a.m. to Sunday at 5:00 p.m. with an option to substitute the third weekend of December for a similar two-day period after Christmas pending notice, one week in July pending a ninety-day written notice, and one fifteen minute telephone visitation once a week at 7:30 p.m. Mrs. Arni appeals, claiming the trial court abused its discretion in granting the Shemwells "nearly thirty days of annual visitation" because the frequency of the visits violates her constitutional rights.

### Standard of Review

"The judgment of the circuit court will not be reversed on appeal unless

---

1. Statutory references are to RSMo. (2000).

it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law." *Ray v. Hannon*, 14 S.W.3d 270, 272 (Mo. App. W.D.2000). " 'In matters pertaining to visitation rights, this Court gives deference to the trial court's assessment of what serves the best interests of the child.' " *Id.* (quoting *Simpson v. Buck*, 971 S.W.2d 856, 858 (Mo.App. W.D.1998)).

## Legal Analysis

■■■■ Section 452.402 allows the court to "grant reasonable visitation rights to the grandparents of the child and issue any necessary orders to enforce the decree." The Missouri Supreme Court has determined that the "statute contemplates only *occasional, temporary visitation*," upon a finding that visitation with grandparents is in the child's best interest "and does not endanger the child's physical or emotional development." *Bryan v. Garrison*, 187 S.W.3d 900, 911 (Mo.App. W.D. 2006) (citation and internal quotation marks omitted). The amount of time awarded to the grandparents is limited to a minimal intrusion on the family relationship. *Id.* A visitation order that exceeds a minimal intrusion is unconstitutional and prohibited, requiring reversal. *Id.*

■■■■ Mrs. Arni argues that the trial court abused its discretion because it awarded a visitation schedule that infringes upon her parental right to raise her sons. Mrs. Arni urges this court to find the visitation schedule excessive because it allows the Shemwells to visit the children more than once every ninety days, relying on *Komosa v. Komosa*, 939 S.W.2d 479, 483 (Mo.App. E.D.1997), and *Herndon v. Tuhey*, 857 S.W.2d 203, 210 (Mo. banc 1993). We reject such a broad reading of those cases and continue to employ a case-by-case determination when deciding whether a visitation schedule is excessive. *See Ray*, 14 S.W.3d at 274–75 ("[T]he particular facts of a case dictate the frequency with which visitation should be awarded."). Appropriately, we will determine whether the visitation schedule is excessive based on the facts of this case.

Mrs. Arni argues that the visitation granted to the Shemwells is also excessive because it is similar to the one rejected in *Herndon*.[2] Clearly, the frequency of the visitation here does not amount to such an intrusion as that in *Herndon*, so that case does not apply. The Shemwells urge this court to affirm because their visitation and the extent of the relationship between them and the boys are similar to the facts in *Ray*,[3] and, therefore, the visitation is only a minimal intrusion on the Arni family. We decline to do so because *Ray* is not on point. Although this case shares some similarities with *Ray*, the visitation upheld in *Ray* is less frequent and more flexible than the visitation here. Moreover, the grandparents in *Ray* were once the primary caregivers for the grandchild during the first three years of her life because their daughter was unsuitable, and the

---

2. In *Herndon*, the grandparents were awarded visits on the first Saturday of each month, the third weekend of each month; five hours on Thanksgiving Day or near Thanksgiving, and December 23; two consecutive days during the child's Christmas break; and notice of all the child's extracurricular activities, so that the grandparents could have the option of attending. 857 S.W.2d 203, 206 (Mo. banc 1993).

3. The *Ray* court affirmed the following visitation awarded to the grandparents: one weekend every other month from Friday at 6:00 p.m. to Sunday at 6:00 p.m. pending thirty days notice to parents, one week during the summer which the parents ultimately select, one thirty-minute telephone visit on the first Sunday of each month. 14 S.W.3d 270, 272 (Mo.App. W.D.2000).

Shemwells were never the primary caregivers for the boys.

Based on the particular facts of this case, the visitation order constitutes more than a minimal intrusion to Mrs. Arni's family, which consists of the two boys, her husband, and her husband's two children who are in college. Mr. and Mrs. Arni desire to develop relationships with each other's children and for their children to develop relationships with each other. Because both Mr. and Mrs. Arni work during the weekdays, the weekends and holidays are their only opportunities to bond as a family. In planning family gatherings, she also has to consider all of the children's schedules because the older two are in college and the boys are active in sports. The frequency of the Shemwells' visitation would leave fewer options for the family to socialize as a unit. Thus, we remand the case to the trial court to order visitation that is less frequent and more flexible than the current one.

In conclusion, we reverse and remand for the trial court to modify the grandparents' visitation in accordance with the principles of law discussed in the opinion.

VICTOR C. HOWARD, C.J. and RONALD R. HOLLIGER, J concur.