Dianne M. YORK,
Plaintiff/Respondent/Cross–Appellant,

v.

Wilson Harry YORK,
Defendant/Appellant/Cross–Respondent.

No. 59266, 59337.

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 29, 1991.

**46**

Walther & Roberts, Michael C. Walther, St. Louis, for Wilson Harry York.

Knight, Schoeneberg & Tomich, Claude C. Knight, St. Charles, for Dianne M. York.

KAROHL, Judge.

This is a consolidated appeal from an amended dissolution decree entered on November 1, 1990. The parties were married on January 28, 1979, and separated on May 27, 1987. They had no children. This was husband's third and wife's second marriage. At the time of the dissolution hearing, husband was forty-five years old and wife was thirty-seven. Husband appeals the division of property and the award of rehabilitative maintenance. Wife cross appeals. She contends the court erred in: (1) ordering her to pay her own attorney's fees; (2) failing to divide a marital asset; and (3) awarding her "non-modifiable" rehabilitative maintenance for three years instead of awarding permanent maintenance. We affirm.

■ Our standard of review is set forth in *Williams v. Williams*, 753 S.W.2d 101 (Mo.App.1988). We will affirm the decree of dissolution if it is supported by substantial evidence, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Id.* at 102.

■ In his first point, husband alleges the award of 68% of the marital property was against the weight of the evidence because it "focused inordinately on one of the statutorily relevant factors, conduct" and ignored other factors set forth in § 452.330.1 RSMo Cum.Supp.1990. The court made findings regarding the economic circumstances of the parties, the contribution of each spouse to the acquisition of marital property, as well as the conduct of both parties. Furthermore, the court carefully and fully valued the non-marital property set apart to each spouse. The statutory provision for custodial arrangements of children is not relevant here. Thus, the court considered all relevant statutory provisions in making its determination. The limited claim of error is denied.

After finding wife lacked sufficient property to provide for her reasonable needs and was unable to support herself through appropriate employment, the court ordered husband to pay wife the sum of $1,500 per month as periodic modifiable maintenance for a period of thirty-six months. The decree expressly provides the award is modifiable. Both parties contest the award. We consider both contentions simultaneously.

■ The evidence supporting the decree established the parties enjoyed a high standard of living during their marriage. Wife has a bachelor's degree in fine arts, one year of law school and a real estate license. Wife testified she desired to complete her legal education which required three additional years of law school. Wife modeled from 1981 through 1989. Each year her expenses exceeded her net income. Wife also has work experience in managing rental property, bookkeeping and retail sales. We note husband did not challenge the reasonableness of wife's monthly expenses of $4,400 either at trial or on appeal. Wife's monthly expenses, exclusive of post graduate expenses, less the income from her income producing property are $2,960. The evidence is in accord with the court's finding that wife cannot support herself.

■ In determining the amount and duration of the maintenance, the court considered the time wife needed to complete her postgraduate degree, the physical and verbal abuse of husband towards wife and husband's ability as an airline captain to meet his needs while providing support for wife. *See* § 452.335.2 RSMo Cum.Supp. 1990. Wife disputes the limited duration of the award, not the amount. Contrary to wife's contention, we find the three year limitation on the maintenance award is supported by substantial evidence. Wife testified she could complete a law degree in three years. She also possessed a college education, a real estate license and has a

history of employment during the marriage. This evidence is sufficient to provide a rational basis for the court's determination that wife could become self-supporting at the end of the limitation period. *See Pemberton v. Pemberton,* 756 S.W.2d 660, 662 (Mo.App.1988).

Wife's remaining point asserts the court erred in ordering her to pay her own attorney's fees and in failing to divide a marital asset. In the original decree, the court ordered husband to pay wife $10,000 for attorney's fees and distributed to husband Fidelity Overseas Fund shares valued at $11,000. Husband filed a "Motion for New Trial or in the Alternative to Amend the Judgment and Decree." The court thereafter amended the decree by deleting the Fidelity Overseas Fund shares without reducing wife's property award and ordered wife to pay her own attorney's fees. The dissolution court is an expert on the subject of attorney's fees. *Clark v. Clark,* 801 S.W.2d 95, 99 (Mo.App.1990). After a careful review of the record, we find no abuse of discretion.

With respect to the Fidelity Overseas Fund shares, the record does not indicate whether they exist. Husband claims the court was correcting a mistake when it awarded him the same account twice, once valued at $2,033.53 and once at $11,000. In any event, wife is not prejudiced by the deletion of the award to husband. Her property award was based upon the existence of the Fund and when the Fund shares originally awarded to husband were deleted from the decree, wife's property award was not decreased. Further, the evidence supports a finding wife has sufficient assets and an ability to pay her own attorney's fees.

The judgment is affirmed.

SMITH, P.J., and AHRENS, J., concur.