In re the Matter of Robert E. **BARKER** and Susan Elaine Barker, Respondents,

v.

Gerald D. **BARKER** and Christie Barker, Appellants.

No. SC 84964.

Supreme Court of Missouri, En Banc.

March 4, 2003.

Scott C. Trout, K. Aileen Simpson, Michael P. Cohan, St. Louis, for Appellants.

Robert E. Barker, Susan Barker, Raytown, Pro Se.

PER CURIAM.[1]

Robert and Susan Barker sought visitation with their grandchildren under section

---

1. This Court transferred the case after opinion by the Court of Appeals, Western District. *Mo. Const. article V, section 10.* Some of that opinion by the Honorable Lisa White Hardwick is incorporated without further attribution.

452.402.[2] Parents, Gerald and Christie Barker, objected, contending the statute was invalid and that the grandparents would not follow the parents' directives while the children were in the grandparents' custody. The circuit court ordered minimal visitation. The judgment is affirmed.

In December 1998, Gerald, the father, and his brother disagreed about forfeiting a youth basketball game. Gerald concluded that the grandparents sided with his brother. Subsequently, the grandparents' interaction with the grandchildren was confined to one 15–minute visit on Palm Sunday (March 28, 1999). The parents claimed concern for the children's health and well-being.

The trial court found that the grandparents were unreasonably denied visitation due to the dispute between Gerald and his brother. The court found that the same conduct by the grandparents also occurred before the 1998 incident and was accepted by the parents until that incident. The court awarded the grandparents visitation with the grandchildren on the second Sunday of every other month from 9:00 a.m. until 6:00 p.m. and on a half day of each day after Thanksgiving and Christmas. The judgment also allowed the grandparents to telephone the grandchildren twice monthly and to attend their athletic events.

 This Court will affirm the judgment unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Statutory interpretation is an issue of law that this Court reviews *de novo*. *Delta Air Lines, Inc. v. Dir. of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995).

The trial court may grant reasonable visitation if a grandparent has been unreasonably denied visitation for over 90 days. *Section 452.402.1(3)*. The court must consider whether visitation would endanger the child's physical health or emotional development. *Section 452.402.2*. A guardian ad litem may be appointed for the child. *Section 452.402.3*. The court may order a home study. *Section 452.402.4*. Visitation may be awarded only if in the child's best interest. *Section 452.402.2*. The court may order reasonable conditions or restrictions on grandparent visitation. *Id.*

 The parents contend the trial court lacked jurisdiction to grant relief under section 452.402.1 because the grandparents were not unreasonably denied visitation for more than 90 days before they filed their petition on May 21, 1999. The parents argue that the 90 day limit is a "jurisdictional waiting period" that bars access to the courts until visitation has been denied for 90–days. This argument contradicts the plain language of section 452.402.1(3), which provides that a "court may *grant visitation* when ... a grandparent is unreasonably denied visitation with the child for a period exceeding ninety days." *Section 452.402.1(3)* (emphasis added). It requires only that the 90 day period elapse before a visitation order is entered. *Blakely v. Blakely*, 83 S.W.3d 537, 544 (Mo. banc 2002); *Herndon v. Tuhey*, 857 S.W.2d 203, 210 (Mo. banc 1993). To the extent *In re G.P.C.*, 28 S.W.3d 357, 364 (Mo.App.2000), and *Ray v. Hannon*, 14 S.W.3d 270, 274 (Mo.App.2000), are to the contrary, they are overruled.

In this case, the grandparents were denied visitation from April 1999 until entry of the visitation order on April 2, 2001.

---

**2.** All statutory citations are to RSMo 2000.

The court had jurisdiction to enter its judgment.

■ The parents dispute that visitation was "unreasonably denied" because they offered visitation in their presence. The trial court was not required to believe this testimony or consider the limit reasonable. The court's finding that the visitation denial was unreasonable is substantially supported by testimony that the grandparents had not been allowed any visits or telephone contacts with the grandchildren for two years before entry of the visitation order.

Any challenge to the facial validity of section 452.402 is foreclosed by this Court's decision in *Blakely*.[3]

■ The parents contend that the trial court granted "unrestricted" visitation in spite of evidence that the grandparents "repeatedly disobeyed" the parents' requests about the children's health and welfare. They urge that the visitation order is an unconstitutional application of section 452.402 because the trial court relied solely on a best-interest-of-the-child standard and gave no deference to "the parents' right to raise their children as they see fit," relying on *Troxel v. Granville,* 530 U.S. 57, 65–66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).

The trial court summarized the conflicting testimony:

[The parents] state that they complained to [the grandparents] that they gave the children soda, contrary to their wishes, although [the father] admits that he drank Coca–Cola all the time. [The parents] complained about an incident when [one child] was scratched by a dog over 9 years ago; the evidence is that [the grandparents] had taken steps to keep the dog away from the children. [The parents] raised concern about an unfounded allegation made against one of [the father's] brothers, over 15 years ago. Finally, [the parents] complained about language [the grandparents] used around the children, although [the father] uses the same language, also in front of the children. Yet, it was not until [the father] felt that his parents had taken sides against him in an argument that visitation was stopped. It was under similar circumstances in 1993, that he had also stopped visitation for 2 months.

The trial court rejected the parents' concerns as pretextual, as they did not restrict visitation until the father disagreed with his brother and parents over an unrelated matter. The court concluded that the parents severed visitation in retaliation for the grandparents' support of the brother—not because of any legitimate concern about the children's safety. The court determined, as a fact, that the parents denied visitation unreasonably because the decision was not made to protect the best interest of the children. This finding is substantially supported by the trial court's credibility determinations, to which this Court gives due regard. *Rule 84.13(d)(2)*.

■ Following *Troxel* and *Blakely*, the trial court was required to consider the parents' right to make decisions regarding their children's upbringing, determine the reasonableness of those decisions, and then balance the interests of the parents, child, and grandparents in determining whether grandparent visitation should be ordered pursuant to section 452.402. Although parental decisions are given material weight, the trial court may determine the reason-

---

**3.** Section 452.402 has been amended since the judgment in this case. *2002 Mo. Laws 924–25.* The order in the instant case was entered under the version of the statute in effect in 2001.

ableness of those decisions based on the evidence. The court is not required to accept blindly a parent's reason for denying visitation. Where, as here, the trial court determines that the parents' explanation is not credible, the court may find the visitation denial unreasonable and grant grandparent visitation rights.

In this case, the court determined that the parents' concerns were not legitimate and, therefore, did not adopt the requested restrictions. This is not a failure to give proper deference to the parents' wishes, but rather a finding that the parents did not honestly believe that restricted visitation was necessary because they did not impose such restrictions before the 1998 argument between the brothers. This finding is supported by the record and will not be disturbed on appeal.

The judgment of the trial court is affirmed.

All concur.