Abe CORLEY and Ann Corley,
Respondents,

v.

**Penny R. CORLEY, Appellant.**

### No. WD 62234.

Missouri Court of Appeals,
Western District.

Dec. 9, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 27, 2004.

Application for Transfer Denied
March 30, 2004.

James A. Kessinger, Kansas City, for Appellant.

Thomas C. Fincham, Gladstone, for Respondents.

Before JOSEPH M. ELLIS, C.J., ROBERT G. ULRICH and RONALD R. HOLLIGER, JJ.

ROBERT ULRICH, Judge.

Penny Corley ("Mother") appeals the trial court's judgment modifying grandparent visitation. Mother raises four points on appeal. She claims that the trial court erred in (1) ordering unsupervised visitation (points one through three) and (2) ordering her to pay $750.00 of Abe and Ann Corley's attorney's fees (point four). The judgment of the trial court is affirmed in part and reversed in part.

### Factual and Procedural History

Mother and Todd Corley ("Father") were married. The couple had one child, Zachary, born April 22, 1995. Father died in a motorcycle accident on May 29, 1996. Zachary was 13 months old at the time. Zachary's paternal grandparents, Abe and Ann Corley ("Grandparents"), filed a petition for grandparent visitation rights on September 5, 1996. Mother and Grandparents agreed in writing that Grandparents were allowed unsupervised visitation with Zachary once a month and for one weekend during the summer. The agreement also provided that additional visitation was available pending the parties' mutual agreement. The parties' stipulation was received by the court and implemented as an order on September 9, 1997. Thereafter, Grandparents exercised their visitation in 1997, 1998, 1999, and the first part of 2000.

Mother began denying Grandparents' visitation with Zachary in April 2000. Grandparents filed a motion for contempt on June 21, 2000, seeking an order from the court to compel Mother to comply with the visitation order. Mother filed an amended answer to the motion for con-tempt and a motion to modify the grand-parents' visitation order on July 18, 2000. In her motion to modify, Mother challenged the constitutionality of the grandparent visitation rights statute, section 452.402, RSMo 2000, and sought to immediately suspend Grandparents' visitation with Zachary. She also requested that any future visitation between Grandparents and Zachary be supervised.

Trial was held on November 6, 2002. On November 13, 2002, the trial court entered its judgment modifying Grandparents' visitation rights by awarding Grandparents unsupervised visitation with Zachary one day every other month and one weekend of uninterrupted and unsupervised visitation during the summer. Mother's challenge to the constitutionality of the grandparent visitation rights statute, section 452.402, RSMo 2000, was denied. Grandparents' motion for contempt was also denied.[1] Mother was ordered to pay attorney's fees for Grandparents in the sum of $750.00. This appeal by Mother followed.

### Points I–III

Mother's first three points on appeal allege the same claimed error. Her claim in all three points is that the trial court erred in ordering unsupervised visitation because it applied the wrong standard of review. Specifically, she argues that the trial court's order is unconstitutional, a misapplication of the law, and an abuse of discretion because the trial court relied on "the substantial change in circumstances" standard in awarding unsupervised visitation to Grandparents. Mother contends that the trial court granted Grandparents unsupervised visitation with Zachary despite evidence that Zachary soiled his clothes by defecation, exhibited behavioral

---

1. During trial, Grandparents stated that they did not wish Mother to be held in contempt.

problems including aggression, defiance, and listlessness, and was prone to crying for several days after his visits with Grandparents. She claims that the trial court's order should be reversed because it failed to balance the interests of Mother, Grandparents, and Zachary in determining whether to award unsupervised visitation to Grandparents. Mother further argues that her decision to require Grandparents to have supervised visitation with Zachary was entitled to a presumption that a fit parent acts in the best interest of her child.[2] Because Mother's first three points on appeal address the same issue, they are treated as one point.

### Standard of Review

*Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976) governs appellate review of grandparent visitation cases. *Hampton v. Hampton,* 17 S.W.3d 599, 601 (Mo.App. W.D.2000) (citing *Whoberry v. Whoberry,* 977 S.W.2d 946, 948 (Mo.App.1998)). The trial court's judgment will be affirmed on appeal unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* (citing *Whoberry,* 977 S.W.2d at 948). An appellate court defers to the trial court's assessment of what serves the best interest of the child in matters pertaining to visitation rights. *Wills v. Wills,* 90 S.W.3d 126, 129 (Mo. App. W.D.2002) (citing *Simpson v. Buck,* 971 S.W.2d 856, 858 (Mo.App. W.D.1998)). A trial court has broad discretion in determining what limitations and terms of grandparent visitation are appropriate in a particular case. *Id.* at 130 (citing *Simpson,* 971 S.W.2d at 859).

### Discussion

Section 452.402, RSMo 2000, governs grandparent visitation rights. The statute provides, in part, "The court shall determine if the visitation by the grandparent would be in the child's best interest or if it would endanger the child's physical health or impair the child's emotional development. Visitation may only be ordered when the court finds such visitation to be in the best interests of the child." § 452.402.2, RSMo 2000. The proper standard for determining whether grandparent visitation should be ordered under section 452.402, RSMo 2000, is outlined in *Barker v. Barker,* 98 S.W.3d 532, 535 (Mo. banc 2003). "[T]he trial court [is] required to consider the parents' right to make decisions regarding their children's upbringing, determine the reasonableness of those decisions, and then balance the interests of the parents, child, and grandparents." *Barker,* 98 S.W.3d at 535.

Mother's claimed error is in paragraph five of the trial court's judgment which states "Since the time of the September 9, 1997, order, there has been a change in circumstances so substantial and continuing in nature such that Petitioners' grandparent visitation rights should be modified." This sentence is not the trial court's sole finding for acting on Grandparents' request, however. In its judgment ordering unsupervised grandparent visitation, the trial court also found that Zachary's best interests were better met by unsupervised visitation with Grandparents and that such visitation would not endanger his physical health or impair his emotional development. Grandparent visitation is only allowed when the trial court finds that it is in the child's best interest and does not endanger the child's physical

---

**2.** Mother cites *Troxel v. Granville,* 530 U.S. 57, 65–66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), as support for this presumption.

or emotional development. *Herndon v. Tuhey*, 857 S.W.2d 203, 209 (Mo. banc 1993). This finding was not unconstitutional, a misapplication of the law, or an abuse of discretion. Evidence was introduced that Zachary had soiled himself and exhibited emotional problems even when he had no contact with Grandparents. Zachary's counselor, Karla Woodring, testified under cross-examination that Zachary had no contact with Grandparents when he soiled himself on June 14, July 12, and August 23, 2000. She further testified that Zachary exhibited no behavioral problems and did not soil himself after a supervised visit with Grandparents on July 31, 2001.

Mother testified under cross-examination that she authorized her attorney to write a letter to Grandparents in June 2002, agreeing to temporary unsupervised visitation with Zachary pending the Missouri Supreme Court's determination that the grandparent visitation statute was constitutional. She further testified that she had agreed that unsupervised visitation on a temporary basis was appropriate and in Zachary's best interests. Mother's testimony establishes that she thought some amount of unsupervised visitation between Zachary and Grandparents was appropriate.

■ Throughout her brief on points one through three, Mother cites *Blakely v. Blakely*, 83 S.W.3d 537, 543 (Mo. banc 2002), for the proposition that she is entitled to a presumption that fit parents act in the best interest of their children. "Although parental decisions are given material weight, the trial court may determine the reasonableness of those decisions based on the evidence. The trial court is not required to accept blindly a parent's reason for denying visitation." *Barker*, 98

S.W.3d at 535–36. In this case, the trial court determined, based on the evidence, that Mother's concerns were not legitimate and, thus, did not adopt the requested restrictions. The trial court did not fail to give deference to Mother's wishes but rather found that Mother denied reasonable visitation to Grandparents. The record supports this finding.

■ Mother argues that the trial court's findings are deficient because they failed to mention Zachary's soiling incidents and emotional problems. Although neither party requested the trial court to make findings of fact pursuant to Rule 73.01(c), the trial court voluntarily made findings of fact and conclusions of law. Under Rule 73.01(c), fact issues under which no specific findings are made shall be considered as having been found in accordance with the result reached. "[W]hen a circuit court volunteers findings of fact, the findings are reviewable on appeal." *Young v. Young*, 14 S.W.3d 261, 263 (Mo.App. W.D.2000) (citing *In re Marriage of Bell*, 796 S.W.2d 130, 131 (Mo.App.1990)). Although the trial court's judgment does not mention Zachary's soiling incidents or emotional problems, it does not mean that the trial court did not consider these factors in making its decision.

The evidence of Zachary's soiling incidents and his exhibiting emotional problems even when he had no contact with Grandparents combined with Mother's testimony that she agreed to temporary unsupervised visitation between Zachary and Grandparents constituted substantial evidence to support the trial court's findings regarding its order of unsupervised grandparent visitation. The trial court did not misapply the law by noting that a substantial change in Zachary's circumstances had occurred.[3] The evidence established that

---

3. Arguably, a "substantial change in circumstances" is a higher standard than the "best

the trial court balanced the interests of the parties, Zachary's best interests, and concluded that unsupervised visitation with Grandparents was appropriate. Points one through three are denied.

## Point IV

As her fourth point on appeal, Mother claims that the trial court abused its discretion in ordering her to pay $750.00 of Grandparents' attorney's fees. She argues that Grandparents were not the prevailing party as required by section 452.402.7, RSMo 2000. She further argues that the trial court failed to balance the resources of Grandparents and Mother in determining whether to award attorney's fees.

## Standard of Review

*Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976) governs appellate review of Mother's fourth point. The trial court's award of $750.00 attorney's fees to Grandparents will not be reversed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

## Discussion

■ "Absent statutory authorization or contractual agreement," each party is required to pay his own attorney's fees. *Turner v. Shalberg*, 70 S.W.3d 653, 660 (Mo.App. S.D.2002) (quoting *Strain–Japan R–16 Sch. Dist. v. Landmark Sys. Inc.*, 51 S.W.3d 916, 922 (Mo.App.2001)). Attorney's fees are authorized in grandparent visitation cases under section 452.402.7, RSMo 2000. The statute provides: "The

court may award reasonable attorneys fees and expenses to the prevailing party." § 452.402.7, RSMo 2000. The statute does not define "prevailing party." When a statute fails to define a word, a dictionary may be consulted to verify the word's plain and ordinary meaning. § 1.090, RSMo 2000; *Friends of Agric. for Reform of MO Envtl. Regulations v. Zimmerman*, 51 S.W.3d 64, 78 (Mo.App. W.D.2001) (citation omitted). Missouri courts have adopted BLACK'S LAW DICTIONARY definition of "prevailing party." *First State Bank of St. Charles, Mo. v. Frankel*, 86 S.W.3d 161, 176 (Mo.App. E.D.2002) (citing *Ken Cucchi Constr., Inc. v. O'Keefe*, 973 S.W.2d 520, 528 (Mo.App. E.D.1998)); *Hoag v. McBride & Son Inv. Co.*, 967 S.W.2d 157, 175 (Mo.App. E.D.1998) ((citing *Birdsong v. Bydalek*, 953 S.W.2d 103, 124 (Mo.App. S.D.1997)) (quoting BLACK'S LAW DICTIONARY 1188 (6th ed.1990)). A "prevailing party" is defined in BLACK'S LAW DICTIONARY as "[t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention." BLACK'S LAW DICTIONARY 1188 (6th ed.1990)).

In this case, neither party prevailed on the main contention. Grandparents prevailed on their claim to have unsupervised visitation with Zachary. They failed to prevail on their claim to have unsupervised visitation with Zachary every month and on their claim to have Mother held in contempt.[4] Similarly, Mother prevailed on her claim to decrease the amount of visitation between Grandparents and Zachary. Grandparents originally had unsupervised

---

interests" standard. If the trial court relied on a higher standard to award Grandparents unsupervised visitation, then it would certainly have awarded unsupervised visitation under a lower standard. Mother concedes as much on page fifteen of her brief.

4. Grandparents filed an Order of Contempt against Mother. During trial, Grandmother testified that she did not want Mother to be held in contempt because she was Zachary's mother and he needed her.

visitation with Zachary once a month. Under the trial court's modified order, Grandparents have unsupervised visitation with Zachary every other month. Mother failed to prevail on her: (1) claim that the grandparent visitation statute, section 452.402, RSMo 2000, was unconstitutional; and (2) motion to modify visitation claim seeking to suspend Grandparents' visitation with Zachary while he seeks counseling and thereafter requesting supervised visitation between Grandparents and Zachary "at such times, places, duration, and under such circumstances" as Mother deemed appropriate. As a result, neither party prevailed on their main issue. For that reason, attorney's fees should not have been awarded to Grandparents.

■ Mother argues that the trial court erred in awarding attorney's fees to Grandparents because it failed to consider the financial resources of both parties. She claims that the trial court was required to balance the financial resources of both parties before awarding attorney's fees. Mother cites section 452.355.1, RSMo 2000, and domestic relations precedent, specifically *In re Marriage of Trimble*, 978 S.W.2d 55, 58 (Mo.App. S.D.1998), in support of her proposition. Although this argument is not dispositive of Mother's fourth point on appeal, it is addressed to clarify the difference between an award of attorney's fees under section 452.402.7, RSMo 2000, the grandparent visitation statute, and an award of attorney's fees under section 452.355.1, RSMo 2000, the dissolution of marriage statute.

Section 452.355.1, RSMo 2000, governs, *inter alia*, the award of attorney's fees in a divorce proceeding. The statute provides, in part: "Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties ... may order a party to pay a reasonable amount for ... attorney's fees...." Unlike section 452.355.1, RSMo 2000, the grandparent visitation statute, section 452.402.7, RSMo 2000, does not require the trial court to consider the financial resources of both parties in determining whether to award attorney's fees. In the absence of specific language in section 452.402.7, RSMo 2000, requiring the trial court to examine the financial resources of both parties, the trial court was not compelled do so. Similarly, Mother's reliance on domestic relations precedent to support her proposition is unavailing.

Mother's attempt to analogize section 452.355.1, RSMo 2000, and domestic relations case law to the award of attorney's fees in the present case fails. Nonetheless, as discussed above, the trial court erred in awarding attorney's fees to Grandparents because neither Grandparents nor Mother was the prevailing party in the trial court proceeding.[5] Point four is granted.

The judgment of the trial court is affirmed in part and reversed in part. The portion of the trial court's judgment modifying Grandparents' visitation is affirmed. The portion of the trial court's judgment ordering Mother to pay $750.00 of Grandparents' attorney's fees is reversed.

All concur.

---

5. Grandparents claim in a few sentences in the argument section of point four of their reply brief that the award of attorney's fees is appropriate under section 452.400.7, RSMo 2000. That statute is applicable to dissolution proceedings, not to grandparent visitation proceedings. § 452.402, RSMo 2000.