

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. LEON V. TAYLOR )
and WILLIE KELLY OWENS, )
               Relators, )
                )
vs. )      No. SC94602
                )
TERRY RUSSELL, )
                )
             Respondent. )

## ORIGINAL PROCEEDING IN MANDAMUS

### *Opinion issued December 9, 2014*

Leon V. Taylor ("Taylor") was convicted of first-degree murder, first-degree robbery, first-degree assault, and three counts of armed criminal action after shooting and killing a gas station attendant in front of the attendant's eight-year-old stepdaughter. Taylor's half-brother, Willie Kelly Owens ("Owens"), participated in the robbery, but not the shooting. Owens pleaded guilty to a robbery charge in exchange for his cooperation in Taylor's prosecution. Taylor was sentenced to death. This Court affirmed Taylor's death sentence. *State v. Taylor*, 18 S.W.3d 366 (Mo. banc 2000).

Taylor's execution was scheduled for November 19, 2014, at 12:01 a.m. On November 18, 2014, Owens visited Taylor and was told at the conclusion of his visit that he would not be permitted to witness Taylor's execution, although Taylor designated Owens as a witness. Taylor and Owens then filed a petition for a writ of mandamus to

compel Terry Russell, the warden and director of the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri ("Respondent"), to permit Owens to witness Taylor's execution. Taylor alleged that he had a statutory right to have certain witnesses present at his execution. He further alleged Respondent's refusal to comply with the statute violated Taylor's rights as well as the *ex post facto* clause of the United States Constitution. Respondent filed suggestions in opposition, arguing the prison's security could be compromised if Owens were permitted to witness the execution and no *ex post facto* violation would occur. Taylor and Owens filed a reply.

In accordance with Rule 84.24(j), this Court being informed fully of the issues presented, dispensed with further briefing and oral argument in the interest of justice given the immediacy of the proceedings. On November 18, 2014, this Court issued a permanent writ of mandamus ordering Respondent to permit Owens to be present as a witness at Taylor's execution. The Court now issues this opinion pursuant to Rule 84.24(l) to explain its reasoning.

## Standard of Review

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. A litigant seeking mandamus must "allege and prove that he [or she] has a clear, unequivocal, specific right to a thing claimed." *State ex rel. Young v. Wood*, 254 S.W.3d 871, 872 (Mo. banc 2008) (quoting *Furlong Cos., Inc. v. City of Kansas City,* 189 S.W.3d 157, 166 (Mo. banc 2006)). "Ordinarily mandamus is the proper remedy to compel the discharge of ministerial functions, but not to control the exercise of discretionary powers." *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006).

**Analysis**

In their writ petition, Taylor and Owens allege Taylor designated Owens as a witness to the execution pursuant to section 546.740, RSMo 2000.[1] Section 546.740 provides:

> *The chief administrative officer of the correctional center*, or his duly appointed representative shall be present at the execution and the director of the department of corrections shall invite the presence of the attorney general of the state, and at least eight reputable citizens, to be selected by him; and he *shall at the request of the defendant, permit* such clergy or religious leaders, not exceeding two, as the defendant may name, and *any person*, other than another incarcerated offender, *relatives or friends, not to exceed five, to be present at the execution*, together with such peace officers as he may think expedient, to witness the execution; but no person under twenty-one years of age shall be allowed to witness the execution.

(Emphasis added). Taylor and Owens argue the statute's language is mandatory. Specifically, Taylor and Owens argue Respondent has no statutory authority to exclude a defendant's designated witness so long as the witness is not another incarcerated offender or under the age of twenty-one years. Respondent disagrees, arguing that section 546.740 must be read in conjunction with section 217.025.6, which provides Respondent "shall make and enforce such rules, regulations, orders and findings as [he] may deem necessary for the proper management of all correctional centers and persons subject to the department's control." Respondent argues Owens was Taylor's co-defendant, and Owens' presence at the execution would pose a threat to the prison's safety and security because the victim's family members also would be present. Respondent argues he was

_____

[1] All statutory references are to RSMo 2000 unless otherwise indicated.

exercising his discretion and authority lawfully pursuant to section 217.025.6 when he issued an order barring Owens from witnessing the execution.

There is no Missouri caselaw construing either of the statutes at issue. However, "[t]he doctrine of *in pari materia* recognizes that statutes relating to the same subject matter should be read together, but where one statute deals with the subject in general terms and the other deals in a specific way, to the extent they conflict, the specific statute prevails over the general statute." *Turner v. Sch. Dist. of Clayton*, 318 S.W.3d 660, 668 (Mo. banc 2010). The statutes at issue here conflict regarding Respondent's discretionary authority to enact rules governing prison management and his statutory duty to permit a defendant's designated individuals to witness the execution. The specific duties imposed on Respondent during an execution by section 546.740 must prevail over the general statutory discretion granted by section 217.025.6 to enact basic rules attendant to prison management and safety.

In reading the language in section 546.740, Respondent's duty is clear and unequivocal. Respondent *shall* allow a defendant's designated individuals to witness the execution, provided the witness is not another incarcerated offender or under the age of twenty-one years. The statute contains no exception or prohibition for co-defendants who participated in the underlying crime. Respondent's concerns regarding the ability to maintain prison safety during the execution are well-taken. However, the statute contemplates the potential for ill will arising between the victim's family and the defendant's designated witnesses at the execution. The legislature determined both have a right to be present to witness the proceeding. In the event Respondent has a concern

4

regarding the witnesses' safety during the execution, section 546.740 specifically vests Respondent with the authority to invite "such peace officers as he may think expedient, to witness the execution" to maintain security rather than barring witnesses from viewing the execution.

## Conclusion

Taylor and Owens demonstrated they had a clear, unequivocal, specific right to have Owens witness Taylor's execution pursuant to section 546.740. This Court need not reach Taylor's *ex post facto* claims. Accordingly, this Court issued a permanent writ of mandamus ordering Respondent to allow Owens to be a witness to Taylor's execution scheduled for November 19, 2014.

_____
GEORGE W. DRAPER III, JUDGE

All concur.

5