

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| C.T., | ) | No. ED110039 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Washington County |
| v. | ) | Cause No. 18WA-CC00219 |
| | ) | |
| J.L.L., | ) | Honorable Troy K. Hyde |
| | ) | |
| Appellant. | ) | Filed: November 15, 2022 |

## Introduction

The Circuit Court of Washington County denied Appellant J.L.L.'s ("Father") motion for attorney fees. Father argues in his first two points on appeal that the trial court erred in deciding that it lacked statutory authority to award attorney fees. In his third and fourth points, Father argues the trial court abused its discretion in denying an award of attorney fees. We affirm the judgment of the trial court.

## Factual and Procedural Background

On May 21, 2018, Father filed his Petition for Declaration of Paternity, Order of Child Custody, Visitation and Support of his minor child, X.L., against the child's mother, M.H. Father and M.H. were never married.

On April 15, 2019, X.L.'s paternal grandmother, C.T. ("Grandmother"), filed her First Amended Petition for Third-Party Custody, Paternity, and Guardianship. She requested visitation

with X.L. pursuant to Section 452.402.[1] The trial court held a bench trial on Grandmother's amended petition. Thereafter, on January 20, 2020, the trial court entered judgment denying Grandmother's amended petition and concluding, as relevant here, that Grandmother did not meet the requirements of Section 452.402 for grandparent visitation. On February 25, 2020, Grandmother filed a notice of appeal in this Court. In her two points on appeal, Grandmother argued the trial court misapplied Section 452.402.

While Grandmother's appeal was pending, Father moved the trial court for an award of attorney fees on appeal pursuant to Section 452.355. Father noted that Grandmother's appellate brief was 17 pages, Father's brief was 24 pages, and Grandmother's reply brief was 15 pages. The record on appeal contained a 59-page transcript and a 60-page legal file. Father argued he did not have the wherewithal to pay his attorney fees on appeal and that Grandmother had the means to contribute to his fees. Father claimed $56,000 in attorney fees for the preparation of his appellate brief and review of Grandmother's reply brief, and anticipated an additional $14,000 in fees for oral argument and post-opinion motions, for a total of $70,000 in attorney fees on appeal.

Grandmother moved to dismiss Father's motion as a matter of law on the basis that Section 452.355 does not permit the assessment of attorney fees against an intervenor. Father responded that Section 452.402 provides for attorney fees in grandparent visitation cases.

In an opinion dated June 8, 2021, this Court affirmed the judgment of the trial court denying Grandmother visitation under Section 452.402. *See X.P.E.L. by Next Friend C.T. v. J.L.L.*, 627 S.W.3d 592 (Mo. App. E.D. 2021). Grandmother's argument on appeal was that she properly

---

[1] All statutory references are to the Revised Statutes of Missouri (Cum. Supp. 2019), unless otherwise indicated. After Grandmother filed her amended petition on April 15, 2019, the legislature amended Section 452.402 effective August 28, 2019. The parties generally agree, and this Court already has decided, that the amended statute applies to this case, because that version was in effect when the trial court entered judgment. *See X.P.E.L. by Next Friend C.T. v. J.L.L.*, 627 S.W.3d 592, 596 (Mo. App. E.D. 2021). The statutory amendments do not affect the outcome here.

intervened in a dissolution action pursuant to Section 452.402.1(1), which applies when "[t]he parents of the child have filed for a dissolution of their marriage." This Court rejected that argument on the basis that, under the plain language of Section 452.402.1(1), a dissolution action involving the child's parents is a statutory prerequisite to a grandparent's seeking visitation under that subdivision. Father's paternity and custody action was not a dissolution action, and therefore Grandmother did not satisfy the statutory prerequisite to seek visitation under Section 452.402.1(1). *X.P.E.L.*, 627 S.W.3d at 597-603.

On August 27, 2021, the trial court heard Father's motion for attorney fees on appeal and Grandmother's motion to dismiss Father's motion. Father's counsel presented testimony and other evidence of 146 hours billed and fees totaling $62,951 on appeal. He later reduced the fees to $58,905.50.

In her post-hearing suggestions in opposition to Father's motion, Grandmother cited four reasons she should not be compelled to pay Father's attorney fees. First, Grandmother argued she was not liable for attorney fees as a matter of law because this Court previously has held that Section 452.355 permits the assessment of attorney fees against only a petitioner or respondent, and not third parties. Second, Grandmother claimed that Section 452.402, including its attorney fee provision in Section 452.402.7, is inapplicable to these proceedings because this Court held in Grandmother's first appeal in *X.P.E.L.* that Grandmother did not satisfy the statutory prerequisite to seek visitation under Section 452.402.1(1). Third, Grandmother contended the fees sought by Father were excessive and did not correspond to the quantity of work or amount of research required on appeal. Fourth and finally, Grandmother argued she lacked the resources to pay Father's outstanding fees, noting her annual gross income of approximately $44,000 and Father's annual gross income of approximately $22,000.

3

In suggestions in support of his motion for attorney fees, Father argued that Sections 452.355 and 452.402 authorize attorney fees and the trial court should award fees based on the financial resources of the parties and the merits of Grandmother's appeal.

The trial court subsequently entered judgment denying Father's motion for attorney fees on appeal. The judgment stated that, "the Court having reviewed Suggestions in Support and in Opposition to [Father's] Request for Attorney Fees on Appeal, denies [Father's] Request for the reasons cited in [Grandmother's] brief to the Court."

Father now appeals.

### Standard of Review

The judgment in a court-tried case will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Rouner v. Wise*, 446 S.W.3d 242, 249 (Mo. banc 2014). "Appellate courts are primarily concerned with the correctness of the trial court's result, not the route taken by the trial court to reach that result. To that end, the judgment must be affirmed if cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient." *Id.* (internal quotations and alterations omitted).

### Analysis

In his first two points on appeal, Father contends the trial court erred as a matter of law in denying him an award of attorney fees pursuant to either Section 452.355 or 452.402. We review such questions of law, including issues of statutory interpretation, *de novo*. *X.P.E.L.*, 627 S.W.3d at 595 (citing *D.E.G. v. Juv. Officer of Jackson Cnty.*, 601 S.W.3d 212, 216 (Mo. banc 2020)).

We begin with the general proposition that not every successful litigant is awarded attorney fees. *Arrowhead Lake Ests. Homeowners Ass'n, Inc. v. Aggarwal*, 624 S.W.3d 165, 167 (Mo. banc 2021). The American Rule provides that, absent statutory authorization or contractual agreement,

4

each party is required to pay his own attorney fees. *Id.*; *Corley v. Corley*, 128 S.W.3d 521, 526 (Mo. App. W.D. 2003).

Father does not allege any contract entitling him to attorney fees. Thus, we must first decide as a matter of law whether either Section 452.355 or 452.402 allowed the trial court discretion to assess attorney fees. If so, then we must determine whether the trial court abused that discretion in denying Father the award of attorney fees he requested.

*Point I: Whether Section 452.355.1 Authorizes an Award of Attorney Fees*

In his first point relied on, Father argues that Section 452.355.1 allows for the assessment of attorney fees against an intervenor, like Grandmother in this case. Section 452.355.1 provides, in relevant part:

> Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment.

Grandmother responds that Section 452.355.1 does not allow for the assessment of attorney fees against an intervening third party. She cites *Rogers v. Rogers*, 803 S.W.2d 92, 99 (Mo. App. E.D. 1990), *overruled on other grounds by Lay v. Lay*, 912 S.W.2d 466 (Mo. banc 1995), and *In re Bell*, 481 S.W.3d 855, 866-67 (Mo. App. S.D. 2016), in which this Court held that Section 452.355.1 permits the assessment of attorney fees against only a petitioner or respondent, and not third parties.

Father distinguishes *Rogers* and *Bell* on the basis that the third parties in those cases were "draftees, not volunteers." Father argues they were added as necessary third parties for the determination of the property interests of the original parties to the dissolution actions and did not intervene to advance their own interests. *See Rogers*, 803 S.W.2d at 99; *Bell*, 481 S.W.3d at 859.

5

Here by contrast, Grandmother affirmatively intervened pursuant to Section 452.402 to gain visitation with X.L.

All of that said, we need not decide whether Section 452.355.1 authorized an award of attorney fees here. As we explain in Point II below, Section 452.402.7 allowed the trial court discretion to order Grandmother to pay Father's attorney fees. Even if both Sections 452.355.1 and 452.402.7 were generally applicable here as a matter of law, we would limit our analysis to Section 452.402.7 because it addresses the subject matter of Grandmother's previous appeal in specific terms. "The doctrine of *in pari materia* recognizes that statutes relating to the same subject matter should be read together, but where one statute deals with the subject in general terms and the other deals in a specific way, to the extent they conflict, the specific statute prevails over the general statute." *State ex rel. Taylor v. Russell*, 449 S.W.3d 380, 382 (Mo. banc 2014) (quoting *Turner v. Sch. Dist. of Clayton*, 318 S.W.3d 660, 668 (Mo. banc 2010)) (internal alteration omitted).

This Court previously has recognized the conflict between Sections 452.355.1 and 452.402.7 in analogous circumstances:

> Unlike section 452.355.1, RSMo 2000, the grandparent visitation statute, section 452.402.7, RSMo 2000, does not require the trial court to consider the financial resources of both parties in determining whether to award attorney's fees. In the absence of specific language in section 452.402.7, RSMo 2000, requiring the trial court to examine the financial resources of both parties, the trial court was not compelled to do so.

*Corley*, 128 S.W.3d at 526.[2]

We therefore move on to Point II and our analysis of Section 452.402.7.

*Point II: Whether Section 452.402.7 Authorizes an Award of Attorney Fees*

---

[2] At oral argument Father acknowledged that, assuming both Sections 452.355.1 and 452.402.7 applied, we should look only to Section 452.402.7, the more specific statute, and that Section 452.402.7 allowed the trial court more discretion.

In his second point, Father argues that Section 452.402.7, as a matter of law, authorizes an award of attorney fees against Grandmother. Section 452.402 provides, in relevant part:

> 1. The court may grant reasonable visitation rights to the grandparents of the child and issue any necessary orders to enforce the decree when a grandparent has been unreasonably denied visitation for a period exceeding sixty days, and:

> (1) The parents of the child have filed for a dissolution of their marriage. A grandparent shall have the right to intervene in any dissolution action solely on the issue of visitation rights. . . .

> 7. The court may award reasonable attorneys fees and expenses to the prevailing party.

Section 452.402.7 specifically addresses the circumstances presented here. In the underlying proceeding, Grandmother invoked Section 452.402 and sought visitation rights pursuant to that statute. The trial court concluded that Grandmother did not meet the requirements of Section 452.402 for grandparent visitation. More to the point, considering that Father's motion sought attorney fees accrued on appeal, this Court concluded in the previous appeal that Grandmother did not satisfy the statutory prerequisite to seek visitation under Section 452.402.1(1). The Court therefore affirmed the judgment of the trial court denying Grandmother visitation. There is no dispute that Father was the prevailing party in that appeal.[3]

Grandmother nonetheless maintains that, "because the appellate court determined the statute did not apply, that ruling became the law of the case and the statute could not be used later in proceedings to claim attorney fees under that particular statue." Grandmother seems to argue that her petition so utterly failed to satisfy the elements of Section 452.402, which she invoked to

---

[3] Section 452.402 does not define "prevailing party." When statutes do not define that phrase, Missouri court have turned to Black's Law Dictionary. *See Corley*, 128 S.W.3d at 526. According to that definition, "prevailing party" is "[t]he party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention." BLACK'S LAW DICTIONARY 1188 (6th ed. 1990).

intervene, that the entire statute, including the attorney fee provision in Section 452.402.7, is inapt. Grandmother's argument, albeit creative, is without merit.

First, Grandmother overstates the holding of *X.P.E.L.* While this Court concluded that "Grandmother does not satisfy the statutory prerequisite to seek visitation" under Section 452.402.1(1), *X.P.E.L.*, 627 S.W.3d at 602, it did not decide, as Grandmother suggests, that Section 452.402 does not otherwise apply in this case.

To the contrary, this Court has applied the fee provision in Section 452.402 in a very similar case. *See H.S.H. ex rel. R.A.H. v. C.M.M.*, 60 S.W.3d 656, 658, 662 (Mo. App. E.D. 2001). In *H.S.H.*, the father filed a petition for Declaration of Paternity, Child Custody, Temporary Custody, Visitation Rights, and Child Support. *Id.* at 659. The paternal grandmother intervened and filed a petition for grandparent visitation rights pursuant to Section 452.402. *H.S.H.*, 60 S.W.3d at 659, 662. The trial court dismissed the grandmother's petition "because the statutory prerequisites had not been established" and assessed $2200 in attorney fees against the grandmother. *Id.* This Court affirmed the award of attorney fees because "Section 452.402(7) provides that the court may award reasonable attorney's fees to the prevailing party. Under this statute a reasonable fee may be assessed against a grandparent who does not prevail." *H.S.H.*, 60 S.W.3d at 662 (citing *Tice v. Tice*, 872 S.W.2d 148, 149 (Mo. App. E.D. 1994)). Though the Court did not consider in *H.S.H.* the novel argument raised here by Grandmother, it decided that the fee provision in Section 452.402 applied against the grandmother despite that the she did not satisfy the statutory prerequisite to seek visitation.

Second, "[t]he primary rule of statutory interpretation is to give effect to the General Assembly's intent as reflected in the plain language of the statute at issue." *Ben Hur Steel Worx, LLC v. Dir. of Revenue*, 452 S.W.3d 624, 626 (Mo. banc 2015). The plain language of Section

452.402.7 allows for "reasonable attorney fees and expenses to the prevailing party." It does not create an exception for a non-prevailing grandparent who fails to satisfy a statutory prerequisite.

Similarly, we do not interpret statutes "in ways that yield unreasonable or absurd results." *State ex rel. T.J. v. Cundiff*, 632 S.W.3d 353, 358 (Mo. banc 2021) (citing *State v. Nash*, 339 S.W.3d 500, 508 (Mo. banc 2011)). Grandmother's view of Section 452.402.7 would yield the absurd result that a non-prevailing grandparent would be excepted from the attorney fee provision for failure to satisfy the most basic statutory prerequisite, but not for other, even less frivolous, reasons for failing to prevail. Equally unreasonable is Grandmother's interpretation of the statute, which refers even-handedly to "the prevailing party," that would disallow Missouri courts the discretion to assess attorney fees against non-prevailing grandparents in favor of prevailing parents, but not the other way around. The succinct and plain language of Section 452.402.7 does not make these distinctions.

For these reasons, we conclude that Section 452.402.7 allowed the trial court discretion to award reasonable attorney fees against Grandmother. Father argues that conclusion necessitates reversal of the trial court's judgment and remand. He leans heavily on *Katsantonis v. Katsantonis*, 245 S.W.3d 925 (Mo. App. E.D. 2008), and *King v. King*, 66 S.W.3d 28 (Mo. App. W.D. 2001), for the proposition that "[t]his Court has consistently held that a reversal on one or more issues in an appeal requires a reversal of discretionary rulings on attorney fees." *Katsantonis* and *King* do not stand for that proposition.

In *Katsantonis*, a dissolution case, this Court reversed and remanded because the trial court's order reducing the husband's spousal maintenance obligation was not supported by substantial evidence, and the trial court's failure to award the wife attorney fees pursuant to Section 452.355.1 was an abuse of discretion. 245 S.W.3d at 929-30. In *King*, also a dissolution case, the

9

trial court erred in the determination and division of the marital property. 66 S.W.3d at 36-40. Because Section 452.355.1 authorized an award of attorney fees only after consideration of all relevant factors, including the financial resources of the parties, the Court remanded for reconsideration of the marital property and attorney fees. *King*, 66 S.W.3d at 39-40; *see also McHugh v. Slomka*, 531 S.W.3d 588, 601 (Mo. App. E.D. 2017). The most we can glean from these cases is that an abuse of discretion in denying attorney fees, and error in determining the financial resources of the parties as required for assessing fees under Section 452.355.1, resulted in reversal and remand.

Here, we have determined the trial court had discretion under Section 452.402.7 to award attorney fees, but we have yet to consider whether the trial court's denial of attorney fees was an abuse of that discretion. According to the trial court's judgment, it denied Father's motion for the reasons cited in Grandmother's suggestions in opposition. The reasons cited in Grandmother's suggestions in opposition were not only that Sections 452.355.1 and 452.402.7 did not apply as a matter of law, but also the discretionary reasons that the fees were excessive and Grandmother lacked the resources to pay them.[4]

In any event, our standard of review requires us to affirm the trial court's judgment if it is cognizable under any theory, even if the reasons advanced by the trial court are wrong. *See Rouner*, 446 S.W.3d at 249; *see also Halper v. Halper*, 604 S.W.3d 904, 908–09 (Mo. App. E.D. 2020) ("This court is primarily concerned with the correctness of the result decided, not the route taken to reach it; thus, the trial court's judgment will be affirmed if it is sustainable on any ground supported by the record.").

---

[4] The trial court held a hearing and took evidence on those discretionary reasons, and there is no indication in the record that the trial court denied Father's motion as a matter of law pursuant to Grandmother's motion to dismiss.

Accordingly, if we conclude the trial court was within its discretion to deny Father's requested attorney fees, we are obliged to affirm the judgment. Having determined that the trial court had statutory authority to award attorney fees, we turn in Points III and IV to whether the trial court abused its discretion in denying Father's motion for attorney fees.

*Points III and IV: Excessive Fees and Grandmother's Ability to Pay*

Father maintains in his third and fourth points relied on that the trial court abused its discretion in finding Father's requested fees were excessive and Grandmother lacked the resources to pay them.[5] Because both points implicate the trial court's discretion in denying attorney fees, we consider them in combination.

The trial court has broad discretion in awarding or denying attorney fees, and we will not overturn its decision absent a showing that the trial court abused its broad discretion. *Rallo v. Rallo*, 477 S.W.3d 29, 42 (Mo. App. E.D. 2015). To demonstrate an abuse of discretion, the complaining party must prove that the award or denial is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *S.F.G. by Next Friend A.E.R. v. A.M.G.*, 591 S.W.3d 907, 921 (Mo. App. E.D. 2019). "We presume an award of attorneys' fees to be correct, and the complaining party has the burden to prove otherwise." *Gray v. Dep't of Corrections*, 635 S.W.3d 99, 105 (Mo. App. W.D. 2021) (quoting *Hill v. City of St. Louis*, 371 S.W.3d 66, 81 (Mo. App. E.D. 2012)). If reasonable minds could differ about the propriety of the trial court's decision, there is no abuse of discretion. *Dickerson v. Dickerson*, 580 S.W.3d 98, 104-05, 107 (Mo. App. E.D. 2019).

---

[5] In none of Father's four points relied on does he raise the issue that the trial court abused its discretion, and he should have been awarded fees, based on the merit, or lack thereof, of Grandmother's previous appeal. *See State ex rel. Dalton v. Missouri Comm'n on Human Rights*, 618 S.W.3d 640, 651 (Mo. App. W.D. 2020) ("Issues not raised on appeal are considered waived.").

11

Father acknowledges the trial court's discretion to deny attorney fees, but insists that, if the trial court found Father's request for fees excessive, it should have independently determined a reasonable amount of fees. Father observes that the Southwest Reporter is replete with cases in which the trial court granted a portion of the fees requested. As a testament to a trial court's broad discretion in granting or denying fees, however, the Southwest Reporter also is replete with cases in which the trial court denied fees altogether. *See, e.g., Librach v. Librach*, 575 S.W.3d 300, 314 (Mo. App. E.D. 2019); *Nieder v. Sifrit*, 312 S.W.3d 475 (Mo. App. E.D. 2010); *Davis v. Schmidt*, 210 S.W.3d 494, 518-19 (Mo. App. W.D. 2007); *Corley*, 128 S.W.3d at 527; *York v. York*, 823 S.W.2d 45, 47 (Mo. App. E.D. 1991); *Gray v. Gray*, 649 S.W.2d 908, 910 (Mo. App. E.D. 1983); *Burton v. Burton*, 475 S.W.2d 623, 624 (Mo. App. 1971).

In *Davis*, for example, the trial court denied the father's motion for legal fees and expenses of nearly $225,000 after a three-day dissolution trial. 201 S.W.3d at 518-19. The extent of the court's reasoning was, "Under the circumstances known to the Court, said fees and expenses are unreasonable." *Id.* at 518. On appeal, the father complained that the trial court failed to make findings as to why it found the requested fees and expenses unreasonable. *Id.* at 519. The Court did not remand for the trial court to independently determine a reasonable amount of fees, as Father would have us do here. Instead, it concluded, "No findings were required and the reason for the court's conclusion was self-evident on the record before us: the amount of the request (nearly $225,000 for a dissolution trial lasting three days) was grossly excessive." *Id.*

Father also points out that, in dissolution cases, one spouse's greater ability to pay is sufficient to support an award of attorney fees to the other spouse. *See, e.g., Katsantonis*, 245

12

S.W.3d at 929.[6] But as the *Corley* Court explained, the difference between an award of attorney fees in a dissolution case under Section 452.355.1 and a grandparent visitation case under Section 452.402.7 is that the latter "does not require the trial court to consider the financial resources of both parties in determining whether to award attorney's fees." 128 S.W.3d at 527.

Regardless whether one spouse's greater ability to pay is sufficient for an award of attorney fees under Section 452.355.1, it does not compel such an award. *See Librach*, 575 S.W.3d at 314 ("The fact that one party's income exceeds the other party's income does not compel the trial court to award attorneys' fees."); *Courtney v. Courtney*, 550 S.W.3d 522, 532 (Mo. App. E.D. 2017) ("While the fact that one party's income exceeds the other's does not compel an award of attorney fees, one party's greater ability to pay can be a sufficient reason to support an award of attorney fees."); *Adams v. Adams*, 51 S.W.3d 541, 549 (Mo. App. W.D. 2001) ("While the combination of the financial condition of the parties and the fact that Husband necessitated the action by contemptuously failing to pay the court ordered maintenance may well have been sufficient to support an award of attorney's fees, we do not believe that the trial court's ruling to the contrary was so arbitrary and unreasonable so as to shock one's sense of justice." (internal quotations omitted)).

Here, the trial court took considerable briefing, testimony, other evidence, and argument on Father's motion for attorney fees. Father requested fees totaling $70,000, then $62,951, and finally $58,905.50. The appeal raised two points, the briefs totaled fewer than 60 pages, and the record on appeal totaled fewer than 120 pages. While, comparatively, Grandmother's annual gross income was twice that of Father, the raw numbers were $44,000 and $22,000, respectively.

---

[6] *But see Hihn v. Hihn*, 237 S.W.3d 607, 610-11 (Mo. App. E.D. 2007) (stating that "mere proof of greater earning potential by one spouse is not sufficient, in itself, to support an award of attorney fees against that spouse"). This Court rejected the *Hihn* rule in *Dickerson*, 580 S.W.3d at 111-12, but concluded that, even if *Hihn* applied, the record supported the award of attorney fees.

Father's requested fees for a relatively straightforward appeal greatly exceeded Grandmother's gross income for an entire year. These facts supported Grandmother's arguments, and the judgment of the trial court, that the fees were excessive and Grandmother did not have the resources to pay them. Father has not born his burden to rebut the presumption that the trial court's denial of attorney fees was correct. *See Gray*, 635 S.W.3d at 105.

Though the trial court had statutory discretion to award attorney fees, its denial of Father's motion for attorney fees on appeal was not an abuse of that discretion. At most, reasonable minds could differ. *See Dickerson*, 580 S.W.3d at 104-05, 107.

Father's third and fourth points are denied.

## Conclusion

The judgment of the trial court is affirmed.

Cristian M. Stevens, J.

John P. Torbitzky, J., concurs.
Gary M. Gaertner, Jr., P.J., dissents in part and concurs in part in a separate opinion.

14



# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

C.T.,

        Respondent,

v.

J.L.L.,

        Appellant.

)   ED110039
)
)   Appeal from the Circuit Court
)   of Washington County
)   Cause No. 18WA-CC00219
)
)   Honorable Troy K. Hyde
)
)   Filed:  November 15, 2022

## DISSENT

I concur with the majority's well-reasoned analysis of Father's first two points, concluding that Section 452.402.7 authorized the trial court in its discretion to award attorney's fees against Grandmother and in favor of Father in this case.  However, I respectfully dissent from the majority's decision to nevertheless affirm the trial court's denial of attorney's fees here.  Because the trial court's judgment purports to rely on Grandmother's erroneous argument that Section 452.402.7 does not apply, I would remand to the trial court to exercise its discretion on the issue of attorney's fees in light of this Court's opinion.

The trial court here did not enter findings of fact or conclusions of law but simply denied Father's request for attorney's fees "for the reasons cited in [Grandmother's] brief

to the Court." Grandmother made four arguments: (1-2) neither Section 452.355[1] nor Section 452.402.7 applied here; (3) the attorney's fees requested by Father were excessive; and (4) Grandmother is without sufficient resources to pay Father's requested attorney's fees. The trial court's judgment suggests it found all of the reasons put forth by Grandmother persuasive, but it is ultimately unclear whether the court relied primarily on any of these alternative bases for relief.

The factual context of this case would certainly merit an award of fees. Grandmother initially intervened in Father's paternity action to request grandparent visitation, but then she abandoned her claim in support of Father's request of sole legal and physical custody of the minor child, which the trial court ultimately granted. Grandmother thereafter amended her petition, alleging two bases for grandparent visitation under Section 452.402: that the child had lived with Grandmother for six of the previous 24 months, and that visitation had been unreasonably denied for the previous 90 days. Grandmother admitted at trial that both allegations were false. The trial court accordingly denied Grandmother's petition for failure to establish Section 452.402's prerequisites. Grandmother appealed, and this Court affirmed. In response to Father's subsequent request for attorney's fees, Grandmother then shifted from using Section 452.402 as a sword to attempting to use it as a shield to protect her from having to contribute to the attorney's fees brought on by her multiple and baseless challenges to the court's custody plan. This Court has aptly denied Grandmother's attempt in this respect.

Father's annual income is $22,000, compared to Grandmother's income of $44,000. The trial court's hearing on Father's motion for attorney's fees only addressed the issue of

---

[1] As the majority concluded, I agree analysis of the applicability of Section 452.355 is unnecessary here.

2

whether the requested fees were excessive, and the court made no credibility findings or explicit conclusions on that issue, or on the issue of Grandmother's ability to pay. In light of yet another rejection of Grandmother's legal arguments and the vagueness of the trial court's judgment, I would have the trial court revisit the issues of whether Father's requested fees were in fact excessive, or whether Grandmother is in fact without ability to contribute toward them.

Finally, I disagree with the majority that our focus in court-tried cases on the correctness of the result regardless of the trial court's rationale should be rigidly applied to the discretionary and highly fact-based issue of attorney's fees under the circumstances here. It is standard practice in domestic cases to delegate the issue of attorney's fees to the trial court on remand.[2] See, e.g., Goins v. Goins, 406 S.W.3d 886, 890 n.1 (Mo. banc 2013) ("Appellate courts have the authority to award attorney fees on appeal but, in most cases, appellate courts remand the case to the trial court because the trial court is better equipped to hear evidence and argument on this issue and determine the reasonableness of the fee requested" (internal quotation omitted)).

Additionally, if the trial court in fact denied attorney's fees primarily for the statutory reasons put forth by Grandmother, then the trial court has not properly exercised its discretion regarding whether attorney's fees are warranted in light of statutory authorization. A failure of the trial court to exercise its discretion due to a mistaken view of its authority is grounds for remand, rather than deference. See Petrone v. Werner

---

[2] I do agree with the majority's general proposition that a reversal of one issue does not automatically require reversal of a ruling on attorney's fees. However, given the highly variable and often contentious factual circumstances attendant to domestic cases, and my sense of the inherent nature of the circuit court leads me to suggest erring on the side of limiting our review here to the correction of the trial court's erroneous statutory interpretation and remanding for the trial court to exercise its discretion as an expert on the issue of attorney's fees.

Enterprises, Inc., 42 F.4th 962, 968 (8th Cir. 2022) (finding district court's failure to conduct requisite analysis prior to excluding expert testimony in support of motion for new trial required reversal) (quoting Dolin v. GlaxoSmithKline LLC, 951 F.3d 882, 889 (7th Cir. 2020) ("[W]here the law gives a court discretion that the court does not recognize and exercise, 'The failure of a trial court to exercise its discretion at all . . . constitutes an abuse of discretion.'")); State v. Damon, 169 S.W.2d 382, 169 S.W.2d 382, 383 (Mo. 1943) ("Errors in the refusal to exercise a discretion frequently may be corrected by remanding the cause for the exercise of the discretion"); State ex rel. & to Use of Piepmeier v. Camren, 41 S.W.2d 902, 906 (Mo. App. 1931) (reversing where record showed trial court found verdict excessive, but through misconception of its power and duty believed it was prevented from giving exercise to its discretion).

Thus, I would find that under the particular circumstances here, the trial court's erroneous interpretation of Section 452.402.7 likely resulted in a failure of the trial court to fully exercise its discretion on the issue of attorney's fees, warranting remand. The fact that the judgment is unclear only highlights the need to remand to the trial court to delineate its discretionary ruling more clearly, and ultimately, to enable proper review.

_____
Gary M. Gaertner, Jr., P.J.

4