

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

DAVID & AMY SCHMIDT,     )
     )
     Appellant-Respondents,  )
     )
v.     )     WD84253 (Consolidated with
     )     WD84490 & WD84491)
     )
DART BEIN, LC,     )     Opinion filed:  April 26, 2022
     )
     Respondent-Appellant.  )

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE SARAH A. CASTLE, JUDGE**

Division Three:  Gary D. Witt, Presiding Judge,
Anthony Rex Gabbert, Judge and W. Douglas Thomson, Judge

David and Amy Schmidt (collectively "the Schmidts") appeal the judgment of the Jackson County Circuit Court finding in favor of Dart Bein LC ("Dart Bein"). Because the trial court's judgment was not final and appealable, we lack jurisdiction over the Schmidts' appeal and it must be dismissed.

## Factual and Procedural History

In April 2017, Dart Bein entered into a commercial real estate sale contract ("Sale Contract") to purchase property at 1101 Walnut Street in Kansas City, Missouri, consisting of Unit 203, two parking spaces, and storage unit S7 ("Storage

Unit") from the Schmidts. Seller was to "convey to Buyer marketable fee simple title" to the property. The Sale Contract included a provision for attorney's fees in the event of default.[1] Prior to closing, the Schmidts learned that they could not deliver free and clear title to the Storage Unit. The parties proceeded with the closing. Commensurate therewith, they entered into an escrow agreement ("Escrow Agreement") whereby funds were withheld from the sale transaction. Pursuant to the Escrow Agreement, the Schmidts were allowed 45 days from the date of closing to deliver clear title to the Storage Unit, at which time they would receive the withheld funds.[2] If Dart Bein did not receive clear title to the Storage Unit within 45 days, it could unilaterally request the escrowed funds from the escrow holder.

After 45 days, title to the Storage Unit had not been conveyed to Dart Bein. As such, Dart Bein contacted the escrow holder and requested the escrowed funds be released. The escrowed funds were paid to Dart Bein. On December 1, 2017, nearly five months past the 45-day allowance period, a deed conveying clear title to the Storage Unit was executed by the Schmidts and delivered to Dart Bein. Upon doing so, the Schmidts requested the escrowed funds and Dart Bein declined, citing the failure to convey title within the allotted 45 days.

---

[1] Section 17(b) of the Sale Contract provides, in relevant part: "If, as a result of a default under this Contract, either Seller or Buyer employs an attorney to enforce its rights, the defaulting party shall, unless prohibited by law, reimburse the non-defaulting party for all reasonable attorneys' fees, court costs and other legal expenses incurred by the non-defaulting party in connection with the default."

[2] The Escrow Agreement actually allotted $10,000 for the delivery of clear title to the Storage Unit, and $5,000 for future assessments. The assessments are not at issue here and are not mentioned further.

2

The Schmidts filed a petition for damages against Dart Bein for breach of contract and unjust enrichment. In the petition's prayer for relief, they sought their attorney's fees incurred. Dart Bein denied the claims against it, asserted a counter-claim for breach of contract, and sought reimbursement of its attorney's fees. On November 6, 2020, the trial court held a one-day bench trial. The trial court entered its judgment denying the Schmidts' claims and Dart Bein's counter-claim. The judgment was silent as to the parties' request for attorney fees.

Both parties filed after-trial motions for their attorneys' fees.[3] The trial court did not rule on either parties' motion. The Schmidts then filed this appeal, and Dart Bein filed its cross-appeal. Both parties also filed their motions for attorney fees on appeal which were taken with the case.

**Analysis**

Prior to considering the merits of the Schmidts' appeal, we must determine whether we have jurisdiction over this case. "Generally, an appeal may only be taken from a final judgment, which is one that disposes of all claims and all parties involved in a case." *Flower Valley, LLC v. Zimmerman*, 575 S.W.3d 497, 501 (Mo. App. E.D. 2019) (citing *Crawford v. Distributor Operations, Inc.*, 561 S.W.3d 463, 466 (Mo. App. E.D. 2018)). "A final judgment 'resolves all issues in a case, leaving nothing for future determination.'" *Cupit v. Dry Basement, Inc.*, 592 S.W.3d 417, 422 (Mo. App. W.D. 2020) (quoting *Ndegwa v. KSSO, LLC*, 371 S.W.3d 798, 801 (Mo. banc 2012)). "If the trial court's judgment was not a final judgment, then the appellate court lacks

---

[3] The Schmidts filed a "Motion for Attorneys' Fees and Costs" while Dart Bein filed a "Motion to Amend the Judgment to Include Award of Defendant's Attorneys' Fees."

jurisdiction, and the appeal must be dismissed." *Id*. (citing *Ndegwa*, 371 S.W.3d at 801).

"An unresolved claim for attorney's fees can arrest the finality of a judgment, and defeat appellate jurisdiction." *Ruby v. Troupe*, 580 S.W.3d 112, 114 (Mo. App. W.D. 2019). "The general rule in Missouri is that attorneys' fees are only recoverable when a statute specifically authorizes recovery or when attorneys' fees are provided for by a contract." *Parkway Constr. Servs. v. Blackline LLC*, 573 S.W.3d 652, 666 (Mo. App. E.D. 2019). "If a request for attorney's fees is properly pleaded and pursued at or after trial, the trial court must resolve or dispose of the issue before a judgment can be deemed final." *Cupit v. Dry Basement Inc.*, 592 S.W.3d at 422 (citing *Fid. Real Estate Co. v. Norman*, 586 S.W.3d 873, 879 (Mo. App. W.D. 2019)). "To be awarded attorney's fees, a party must plead a basis for an award of fees, in addition to simply including a request for attorney's fees in its prayer for relief." *Id*. (quoting *Ruby v. Troupe*, 580 S.W.3d at 115).

Here, although both parties have requested attorneys' fees in their pleadings, the trial court did not resolve this issue in its December 15, 2020, purported judgment.[4] *See id.* Accordingly, it was not a final judgment.[5]

---

[4] We note that on December 30, 2021, more than six months after the notice of appeal was filed, the trial court entered an order denying the Schmidts' motion for attorney's fees. We need not address the merit of such an order in that Dart Bein also had a pending motion to amend the judgment to include an award of attorneys' fees, which itself results in the dismissal here.

[5] We note that pursuant to Rule 75.01, "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." And, a timely filed, authorized after-trial motion extends a trial court's jurisdiction for up to ninety days after the filing of the motion. *Cupit v. Dry Basement, Inc.*, 592 S.W.3d at 424 (citing *Heifetz v. Apex Clayton, Inc.*, 554 S.W.3d 389, 393 (Mo. banc 2018)); *see also* Rule 78.06. However, where a judgment is not final because all claims have not been addressed, as is the case here, neither Rule

Because the December 15, 2020, purported judgment does not constitute a final judgment from which an appeal may lie, this Court lacks jurisdiction and the appeal must be dismissed.[6]  Because the Schmidts' appeal and Dart Bein's cross-appeal are dismissed due to the lack of a final judgment, the parties' motions for attorney fees on appeal are denied without prejudice.

## Conclusion

The appeal is dismissed.[7]  The motions for attorney fees are denied without prejudice.

_____
W. DOUGLAS THOMSON, JUDGE

All concur.

---

75.01 nor Rule 78.06 apply.  *See id*.  "In other words, unless an appeal lies from a decree or order when it is entered, the decree or order is not a 'judgment' as defined in Rule 74.01(a), and is not a 'judgment' as to which Rules 75.01 and [78.06] apply."  *Id*.

[6] In supplemental briefing, the Schmidts contend the December 15, 2020, judgment is a final, appealable judgment because it disposed of all issues in the case.  They rely upon *Corley v. Corley*, 128 S.W.3d 521, 526-27 (Mo. App. W.D. 2003), for the proposition that because "neither party prevailed on their main issue . . . attorney's fees should not have been awarded . . . ."  However, *Corley* is distinguishable in that there the trial court *did* rule upon the issue of attorney fees in its judgment.  *Id*.  In the case at hand, the trial court did not address the issue of attorney fees, and thereby did not resolve all issues in the case.

[7] Notably, Supreme Court Rule 74.16, Attorney Fees, will become effective on July 1, 2022.  Upon becoming effective, subdivision 74.16(b)(3) of this newly-created rule provides that a motion for attorney's fees "is an independent action and not an authorized after-trial motion subject to Rules 78.04, 78.06, or 81.05."